UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
01 SEP 28 AM 10: 45
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| CITICORP LEASING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. CV 01-AR-1110-S |
| | ) | |
| J & M MATERIALS, INC., and | ) | |
| JIMMY DALE CHILDERS, | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED
SEP 28 2001

## ORDER

This matter came before the Court at the hearing to prove damages on the entry of default judgment in favor of Plaintiff on the 26th day of September, 2001, and at which counsel for the Plaintiff appeared and presented evidence. Having heard and considered the evidence presented, this Court makes these findings of fact:

On or about September 27, 2000, the Plaintiff, Citicorp Leasing, Inc. ("Plaintiff"), and J&M Materials, Inc. ("J&M"), entered into a Security Agreement and Conditional Sales Contract (herein, the "Sales Contract") pursuant to which Plaintiff provided purchase money financing for J&M's purchase of a Powerscreen model 1200 Chieftain materials screen and conveyer bearing serial number 5015461 (the "Equipment") from Powerscreen Sales and Rental of Louisville, Kentucky.

J&M's payment and performance of the Sales Contract is guaranteed by Jimmy Dale Childers ("Childers" and, collectively with J&M, the "Defendants"), pursuant to the terms of a Personal Guaranty (the "Guaranty") executed by Childers for the benefit of Plaintiff.

530674



On or about May 3, 2001, Plaintiff instituted the above-styled lawsuit, alleging among other things that the Defendants defaulted on and breached the Sales Contract and Guaranty. Simultaneously with the filing of its Complaint, Plaintiff filed a Motion for Writ of Seizure to recover possession of the Equipment.

On May 25, 2001, this Court issued an Order for Writ of Seizure and said writ was duly served by an agent from the United States Marshal Office. Plaintiff is currently in possession of the Equipment. On or about August 8, 2001, the Clerk of Court issued an entry of default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, against Defendants due to their failure to answer or otherwise plead to Plaintiff's Complaint.

On September 26, 2001, counsel for Plaintiff presented evidence to this Court to establish the amount due the Plaintiff pursuant to the entry of default against Defendants. Having heard the evidence, this Court is satisfied that, pursuant to the Sales Contract and Guaranty, Defendants are indebted to Plaintiff in the amount of $149,553, less the value of the Equipment determined by this Court to be in the amount of $55,000. The Court determined the value of the Equipment after a thorough review of the affidavit of Kathy Schick presented by the Plaintiff. Under the terms of the Sales Contract, Plaintiff is also entitled to recover $29,910.60 for attorneys' fees and costs associated with J&M's default under the Sales Contract. This amount represents 20% of J&M's indebtedness to Plaintiff under the Sales Contract.

Having reviewed the evidence and made the findings of fact set forth above, it is hereby ORDERED, ADJUDGED AND DECREED that Plaintiff is entitled to judgment by default, pursuant to Rule 55 of the Federal Rules of Civil Procedure, against Defendants, J&M Materials, Inc., and Jimmy Dale Childers, jointly and severally, in the amount of $124,463.60 with post-

judgment interest to accrue at the statutory rate. Plaintiff shall retain all possessory rights and interests in the Equipment and title ownership of the Equipment is vested in Plaintiff.

HEREBY ORDERED this the 28th day of September, 2001.

*William M. Acker Jr.*
William M. Acker Jr.
United States District Court Judge